■ In the Matter of TASOS TRIANT, Petitioner, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which permanently disqualified petitioner from participating in the Medical Assistance Program.

Petitioner, a physician licensed to practice internal medicine in New York State, has treated Medicaid patients at nursing homes and adult care homes in Suffolk County on a monthly basis since the early 1970's. A random audit of his records and Medicaid billings for the period January 1, 1979 through May 31, 1981 ultimately led to respondent's determination that petitioner's medical recordkeeping was so "completely and utterly deficient" that permanent disqualification from participating in the Medical Assistance Program was called for. Petitioner challenges both the evidentiary basis for that determination and the severity of the penalty.

Regulations of the Department of Social Services declare that the failure to maintain records sufficient to fully disclose the extent of care, services or supplies furnished by a Medicaid provider is an unacceptable practice (18 NYCRR 515.2 [b] [11]) for which permanent disqualification from participation in the Medicaid program is an appropriate sanction (18 NYCRR 515.3 [b]; 515.4 [a] [6]).

At petitioner's administrative hearing, two peer reviewers (a retired physician and a registered nurse) testifying on behalf of respondent recounted what their examinations of petitioner's medical records for Medicaid patients residing in an adult home disclosed. They were in agreement that petitioner's "rubberstamping" of progress notes was a worthless exercise, *for it* revealed nothing of the patients' general condition, chief complaints, symptoms, or any significant physical examination findings or therapy plans. Virtually every entry read: "Ambu-

latory, lungs clear. Heart OK. Abd. soft. Extr. no edema." Petitioner himself acknowledged. "I don't look at my notes because my notes are like a stamp. They represent that I was there taking care of the patient, but my notes do not show what is what." The inadequacy of petitioner's records was further highlighted by his frequent inability to recall the reason for prescribing medication or referring patients to other specialists. For example, in response to an inquiry as to why he ordered blood and urine tests for a patient, petitioner speculated, "She must have complained of something." That there is substantial evidence in the record as a whole that petitioner's recordkeeping was unacceptable is apparent (*see, Matter of Purdy v Kreisberg,* 47 NY2d 354, 358).

As for the penalty imposed, it is settled that an agency's discretion in this area is not to be disturbed unless the sanction is clearly disproportionate to the offense and, in light of the circumstances, so inequitable as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.,* 34 NY2d 222). When it is borne in mind that maintenance of proper records is a basic condition for participating in the State's Medical Assistance Program (18 NYCRR 540.7 [a] [8]), that respondent found "monumental deficiencies" in petitioner's records and petitioner has no vested right to continue to engage in the program (*Schaubman v Blum,* 49 NY2d 375; *Schwartzberg v Whalen,* 66 AD2d 881), little positive can be said for his suggestion that permanent disqualification was not warranted since there is no indication that fraud was intended. Though moral turpitude undoubtedly is an important factor, it is not a *sine qua non* for disqualification. Regardless of the quality of care provided by petitioner, his decision to eschew compliance with record-keeping practices required of physicians participating in the Medicaid program, and to resort instead to unserviceable records simply because the patients were adult home residents, justifies respondent's action in choosing permanently not to do business with him (*see, Matter of Kinney v Axelrod,* 90 AD2d 976).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.