■ In the Matter of YOUNG W. KOH, Petitioner, v CESAR A. PERALES et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 29, 1989, which, after a hearing, disqualified the petitioner from participation in the Medicaid program.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs to the respondent State Commissioner.

The petitioner Young W. Koh is a physician who was employed by a Brooklyn medical clinic. Following a review of several of the petitioner's medical files, including the files of three undercover investigators who posed as patients, in June 1987 the respondent agency charged the petitioner, *inter alia,* with violating Medicaid regulations which require physicians to maintain such records as are necessary to fully disclose the extent of the care, services or supplies furnished (18 NYCRR former 515.2 [b] [11]). After an extensive hearing, an Administrative Law Judge concluded that the petitioner had failed to comply with Medicaid record-keeping requirements, and rec-

ommended that she be suspended from the program for a period of four months. Although the Administrative Law Judge's findings were subsequently adopted by the respondent agency, the agency rejected the recommended penalty of suspension, and instead disqualified the petitioner from the Medicaid program.

It is well established that in order to annul an administrative determination made after a constitutionally required hearing, a court must be satisfied after reviewing the record as a whole that the record lacks substantial evidence to support the determination (see, *Matter of Lahey v Kelly,* 71 NY2d 135; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Contrary to the petitioner's contention, upon our review of the record at bar, we find the agency's determination that her medical records did not conform to generally-accepted medical standards or Medicaid regulations was supported by substantial evidence. In this regard, we note that a physician employed by the agency as a peer reviewer testified that he had examined a sampling of the petitioner's medical charts and found that they failed to adequately document patients' medical history, contained insufficient information concerning patients' progress between visits, and at times failed to properly record the results of physical examinations. Moreover, the petitioner's own expert agreed that several of the petitioner's charts should have contained additional documentation.

Further, in view of the potential harm to which the petitioner's patients were exposed as a result of her inadequate record-keeping practices, we cannot say that the penalty imposed by the agency was so disproportionate to her offense as to mandate modification (see, *Schaubman v Blum,* 49 NY2d 375; *Matter of Triant v Perales,* 112 AD2d 548). We note in this respect that the parties conceded at oral argument that the petitioner will be eligible to reapply to participate in the Medicaid program in two years. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.