■ In the Matter of ARTHUR CORNIOLA, Doing Business as C & C AUTO BODY, Petitioner, v DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, DIVISION OF VEHICLES SAFETY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent dated July 14, 1989, which, after a hearing, found that the petitioner had willfully failed to complete a repair invoice (15 NYCRR 82.5 [c]), willfully failed to effect quality repairs (15 NYCRR 82.5 [g]), committed a fraudulent or deceptive practice (Vehicle and Traffic Law § 398-e [1] [g]), and failed to have records available for inspection upon request during business hours (Vehicle and Traffic Law § 398-d [3]), and upon the recommendation of the Repair Shop Review Board, imposed a civil penalty of $6,108 and a 30-day suspension of the petitioner's repair shop registration or, in the alternative, a civil penalty of $500 payable to the State, restitution to the consumer-complainant of $4,858, and a 5-day suspension of the petitioner's repair shop registration.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The instant proceeding stems from repair work performed by the petitioner upon a vehicle which had been damaged in an automobile accident. The record of the administrative hearing clearly established, among other things, that the petitioner had represented in his invoice that he had replaced certain parts of the automobile which in fact were not replaced, and that he failed to effect quality repairs. Since the respondent's determination was supported by substantial evidence, that determination may not be disturbed (see, *Matter of Lahey v Kelly,* 71 NY2d 135, 140; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Koh v Perales,* 173 AD2d 477).

Furthermore, the petitioner was not deprived of his right to cross-examine certain witnesses (see, *Matter of Gray v Adduci,* 73 NY2d 741, 743).

We have examined the petitioner's remaining contentions and find them to be without merit. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.