■ In the Matter of JEAN R. ADRIEN, Petitioner, v GREGORY M. KALADJIAN, as Acting Commissioner of Social Services, et al., Respondents. [605 NYS2d 33] —Determination of the respondent Department of Social Services, dated October 10, 1991, which suspended petitioner from participating as a provider in the medicaid program for a period of 5 years, and directed him to make restitution of medicaid overpayments in the amount of $83,290, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Burton S. Sherman, J.], entered April 29, 1992) is dismissed without costs or disbursements.

Having considered the peer review report by respondent's expert, that expert's testimony at the administrative hearing, and the findings of the Administrative Law Judge, we find no basis to disturb the administrative determination. During an audit of petitioner's medicaid orders, respondent selected 50 random sample orders to audit. Respondent's preliminary review revealed deficiencies in 31 of these samples. After further review, respondent disallowed only 14 of these orders on the basis of excessive services, and services and/or prescriptions which were provided without being supported by adequate documentation. The Administrative Law Judge upheld 11 of these disallowances.

Medicaid providers are required to maintain adequate records of diagnoses, patient histories, and reasons justifying tests or prescriptions (18 NYCRR 515.2 [b] [6]). Under the criteria established in 18 NYCRR 540.7 (a), petitioner's own omissions and failures to maintain adequate records, or, in some cases, no record, constituted substantial evidence supporting respondent's findings. We find no basis to disturb those findings. Concur—Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.