■ In the Matter of FEVZI EKINCI, Appellant, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [613 NYS2d 256] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated October 8, 1991, which, after a hearing, disqualified the petitioner from participation as a provider in the Medicaid program for a period of five years, the petitioner appeals from (1) a decision of the Supreme Court, Kings County (Dowd, J.), dated June 23, 1992, and (2) a judgment of the same court, dated September 9, 1992, which dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner is a physician who was engaged in private practice in Red Hook, Brooklyn. Following a review of several of the petitioner's medical files, including the files of three undercover investigators who posed as patients, the respondent Commissioner of the New York State Department of Social Services charged the petitioner with violating various Medicaid regulations. An administrative hearing was held at which testimony was adduced from the three investigators, a physician who reviewed the quality of medical care administered by the petitioner, and a billing review analyst. After this hearing, an Administrative Law Judge concluded that the petitioner had committed the unacceptable practices of (1) furnishing medical care that failed to meet professionally

recognized standards for health care, (2) furnishing medical care that was substantially in excess of his patient's needs, (3) submitting false claims, and (4) maintaining inadequate patient records. The agency's determination to exclude the petitioner from participation in the Medical Assistance Program for a period of five years was confirmed.

It is well established that in order to annul an administrative determination made after a constitutionally-required hearing, a court must be satisfied after reviewing the record as a whole that the record lacks substantial evidence to support the determination (see, Matter of Koh v Perales, 173 AD2d 477, 478; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176). Contrary to the petitioner's contention, upon our review of the record, we find that the agency's determination that the medical care furnished by the petitioner did not meet professionally recognized standards was supported by substantial evidence. The physician employed by the respondent to review the petitioner's patient records testified, inter alia, that the petitioner improperly prescribed addictive sedatives to substance abusers and alcoholics. Evidence was also adduced that the petitioner's billing records did not correspond with his patient treatment records, that false claims were submitted, and that services were provided at a frequency that was not medically necessary.

Furthermore, in view of the potential harm to which the public and the petitioner's patients were exposed as a result of the petitioner's conduct, we cannot say that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (see, Schaubman v Blum, 49 NY2d 375; Matter of Pell v Board of Educ., 34 NY2d 222, 233).

We have considered the parties' remaining contentions and find them to be without merit (see, Matter of Ray Pharmacy v Perales, 169 AD2d 633). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.