■ In the Matter of ALICE M. PIASECKI, Petitioner, v DEPARTMENT OF SOCIAL SERVICES, Respondent. [639 NYS2d 319] ■

The Department of Social Services ("DSS") audited petitioner's Medicaid billings for the period June 1988 through July 10, 1989 by using a sample of 50 out of a total of 51,644 claims for services ordered by her during that period. DSS ultimately concluded that 21 out of the sampled claims for service on materials to be supplied by others were not warranted by the

notes in petitioner's patients' medical charts, resulting in a total disallowance of $536.41 for the sampled cases and, by extrapolation, a total of $554,700 for all cases, consisting of funds paid to laboratories and other providers, but not to petitioner herself. Following a hearing, DSS ultimately excluded petitioner from the Medicaid program for 5 years and sought restitution of the $554,140.

Medicaid providers are required to maintain adequate records of diagnoses, patient histories, and reasons justifying tests or prescriptions so that "the medical necessity for and the nature and extent of the medical care, services or supplies furnished" can be ascertained (18 NYCRR 515.2 [b] [6]; *Matter of Adrien v Kaladjian*, 199 AD2d 57). A provider who fails to maintain records that fully disclose the medical necessity for and the nature and extent of the medical care, services, or supplies furnished is guilty of an "unacceptable practice" (18 NYCRR 515.2 [a] [1]), and may be sanctioned therefor (18 NYCRR 515.3). As of June 1988, authorized sanctions include requiring repayment for such services from the person causing them to be furnished, even though payment was made to another person (18 NYCRR 518.3 [b]).

Judicial review of an administrative determination is limited to the record before the agency and proof outside the administrative record should not be considered (*Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757, *affd* 58 NY2d 952) unless the record is incomplete or substantial questions arise which cannot be resolved therefrom (*Citizens to Preserve Overton Park v Volpe*, 401 US 402, 420). Petitioner fails to establish that resort to outside evidence is warranted in this case and we reject her belated attempt to undermine the validity of the audit sample by submission of her personal log books which purport to establish that several of the patients included in the sample were not her patients. Thus, there is no merit to her claim that the method used to conduct the audit was unreliable, and thus, any determination based thereon cannot satisfy the substantial evidence test (*see, Matter of Mercy Hosp. v New York State Dept. of Social Servs.*, 79 NY2d 197).

The agency determined that the medical necessity of the random orders it reviewed was not fully and properly documented as the medical records did not conform to generally accepted medical standards or Medicaid regulations. This determination was supported by substantial evidence (*see, Matter of Lalani v Bane*, 199 AD2d 80). Notably, a physician employed by the agency as a peer reviewer testified that he had examined

a sampling of the petitioner's medical charts and found them to contain some of the skimpiest and poorest notes he had ever reviewed. Petitioner herself conceded that some of her charts should have contained additional documentation. It should be noted, however, that at least one of the disallowed claims was for a hepatitis test. The reviewer found inadequate documentation to support the test. The test results were, however, positive, indicating that the patient was indeed suffering from hepatitis, affording the physician the opportunity to treat the disease.

In view of the potential harm to which the petitioner's patients were exposed as a result of her inadequate record-keeping practices, we cannot say that the five year exclusion of petitioner from the program is inappropriate (*see, Matter of Ekinci v New York State Dept. of Social Servs.*, 205 AD2d 622; *Matter of Adrien v Kaladjian*, 199 AD2d 57, *supra; Matter of Koh v Perales*, 173 AD2d 477, *lv denied* 78 NY2d 859). However, we find the alleged "restitution" to be an abuse of the agency's discretion, under 18 NYCRR 518.3 (b), " ' "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). We have considered petitioner's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli and Williams, JJ.

Tom, J., concurs in part and dissents in part in a memorandum as follows: I concur in the result reached by the majority that the finding of the respondent agency was supported by substantial evidence and that because of the potential harm to which the petitioner's patients were exposed, the five-year exclusion of petitioner from the Medicaid program is appropriate. I also concur in the finding that the restitution sought by the agency is an abuse of discretion and would annul that portion of the penalty.

18 NYCRR part 518 provides, however, that the agency is entitled to recoup overpayments. I would, therefore, remand the matter of the appropriate restitution to the Department of Social Services (DSS) in order to determine a penalty which is not so disproportionate to the offense, in light of all of the circumstances presented, including petitioner's limited annual income as opposed to the exorbitant amount of restitution; the fact that the charges against petitioner were based upon her carelessness in maintaining records rather than on any intentional act to defraud DSS; and the fact that all the moneys went to labs and other providers with petitioner not reaping any financial gain herein (*see, Matter of Keenan v New York*

*State Liq. Auth.*, 205 AD2d 359; *Matter of Dickerson v Popolizio*, 168 AD2d 336).