■ In the Matter of MIRIAM HUDA, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [595 NYS2d 203] —Determination of the respondent, dated September 30, 1991, which excluded the petitioner from participation in the Medicaid program for five years and directed her to make restitution in the sum of $105,648.00 unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Edward Greenfield, J.], entered June 22, 1992), is dismissed, without costs.

Enrollees in the Medicaid program are subject to retroactive audits for a period of six years and must keep legible records which will support the necessity for ordering the services and medications of patients (18 NYCRR 504.8, 517.3 [b] [2]; 515.2 [b] [6]). The petitioner did not have legible records in an on-site inspection of her office and claimed that she could not provide the relevant medical records for an audit period subsequent to the on-site inspection which led to the denial of her application for re-enrollment in the program following an appeal. Thus, the determination was supported by substantial evidence *(see, Matter of Koh v Perales,* 173 AD2d 477). Concur —Sullivan, J. P., Carro, Kupferman and Rubin, JJ.

■ JACQUELINE G. et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [595 NYS2d 203] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 12, 1991, which, upon reargument, *inter alia,* denied defendant's motion to dismiss the complaint, unanimously modified, on the law, to the extent of directing plaintiff to submit to an examination pursuant to General Municipal Law § 50-h within 90 days from the date of entry of this Court's order and the order is otherwise affirmed, without costs.

The IAS Court erred in not directing plaintiff to submit to a General Municipal Law § 50-h examination, defendant's right to hold such an examination being "separate and distinct from any rights to discovery under the CPLR" *(Alouette Fashions v Consolidated Edison Co.,* 119 AD2d 481, 485, *affd* 69 NY2d 787). Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.