■ In the Matter of KALI GHOSAL, Petitioner, v MARY JO BANE, as Commissioner of Social Services of the State of New York, Respondent. [612 NYS2d 399] —Determination of New York State Department of Social Services dated November 19, 1992, which excluded petitioner from participation in the Medicaid program for a period of five years and directed him to make restitution of $129,682 for Medicaid overpayments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Beverly Cohen, J.], entered May 21, 1993) is dismissed, without costs.

Neither expert testimony nor an actual accounting of all claims paid was offered by petitioner to rebut the presumption of validity that adheres to the statistical sampling method utilized by respondent in determining the amount of the overpayments (18 NYCRR 519.18 [g]). Petitioner failed to rebut the presumption of accuracy that adheres to respondent's computerized record of services ordered by petitioner (18 NYCRR 519.18 [f]), nor will respondent's rejection of petitioner's claim that files were lost or destroyed as unworthy of belief be second-guessed *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). The five-year suspension of petitioner from the program is consistent with the guidelines to be considered in determining the sanction (18 NYCRR 515.4), and

is not so disproportionate to the nature of the offenses as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Petitioner's claim of bias on the part of the Hearing Officer is unsubstantiated *(People ex rel. Johnson v New York State Bd. of Parole,* 180 AD2d 914, 916). We have considered petitioner's other claims and find them to be without merit. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.