■ In the Matter of ANTHONY J. ENRICO, JR., Petitioner, v MARY JO BANE, as Commissioner of Social Services of the State of New York, Respondent. [623 NYS2d 25] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed petitioner to pay restitution for alleged overpayments paid by Medicaid to third parties.

Petitioner, a podiatrist licensed to practice in New York, was enrolled in New York's Medical Assistance Program (hereinafter Medicaid). The Department of Social Services, pursuant to 18 NYCRR 517.3 (b), audited records of petitioner's patients for a period from June 6, 1988 through December 11, 1989 to determine compliance with various regulatory requirements. To perform this audit, the Department randomly selected 100 provider-ordered services of a total group, or universe, of 13,366 services within petitioner's caseload. Fifty of the 100 samples were then randomly selected for examination, and petitioner produced his patient records for 49 of these cases, as he was unable to locate one of the requested patient files (hereinafter sample No. 44).

After reviewing the records, a draft audit report was prepared which found that seven services out of the sample of 50 were not medically necessary. This report was part of a notice of proposed agency action dated October 10, 1990, which advised petitioner, *inter alia,* that he had engaged in unac-

ceptable practices and caused Medicaid overpayments by unacceptable recordkeeping in violation of 18 NYCRR 515.2 (b) (6).* Said notice also stated that, based on the aforementioned sampling, $55,067.92 was unnecessarily paid by Medicaid. The proposed notice also stated that petitioner could contest the determination and that any issues he wished to raise in a hearing challenging the final determination would be limited to matters contained in his response to the draft audit report pursuant to 18 NYCRR 519.18 (a). In addition, the Department recommended petitioner's exclusion from Medicaid for two years and restitution of $55,067.92, as ascertained by the mean per unit estimate technique for projection based on the 13,366 ordered services.

Petitioner responded by submitting documentation that the medication administered was appropriate and consistent with good treatment but did not challenge the statistical sampling method, the mean point estimate nor disallowances involving unacceptable recordkeeping based upon inadequate notice. The Department then issued a notice of agency action (hereinafter the notice), which adopted the findings of October 10, 1990, including the same penalties.

Petitioner requested a hearing and the Administrative Law Judge (hereinafter ALJ) sustained the Department as to sample No. 17, a failure to maintain a sufficient patient record, sample No. 21, a failure to properly document the medical necessity for a prescription, and sample No. 44, a failure to produce the patient's chart (see, 18 NYCRR 515.2 [b] [6]). However, the ALJ reversed the Department's findings with respect to sample Nos. 16, 18, 19 and 20, reduced the amount of reimbursement to Medicaid from $55,067.92 to $17,643.12, and also reversed the Department's determination to exclude petitioner from Medicaid. Petitioner then commenced this proceeding pursuant to CPLR article 78 to annul respondent's determination and the matter was transferred to this Court.

As the agency responsible for administering Medicaid, the Department is authorized to recoup overpayments as a result of mistake, fraud or inaccurate or improper cost reporting (18 NYCRR 518.1 [c]), including unacceptable recordkeeping as defined in 18 NYCRR 515.2 (b) (6). Thus, respondent had the

---

* 18 NYCRR 515.2 (b) (6) reads as follows: "Unacceptable recordkeeping. Failing to maintain or to make available for purposes of audit or investigation records necessary to fully disclose the medical necessity for and the nature and extent of the medical care, services or supplies furnished, or to comply with other requirements of this Title."

authority to review petitioner's records and obtain refunds as a result of practices not in compliance with these regulations.

Petitioner contends that as to sample No. 17, he should not be obligated to repay Medicaid since he did not furnish the drug in question. However, under 18 NYCRR 518.3 (b) the Department may recover payments from a person prescribing medical supplies unless the medical basis and need are fully documented in the client's medical record. Since petitioner prescribed the drug without referring to said drug on the patient chart, he was properly held accountable. Also, the report enclosed with the notice properly advised petitioner of the reasons for the determination. As to sample No. 21, although the patient's record indicates petitioner prescribed a drug to the patient, it was conceded there was no entry in this regard on the patient's chart and thus petitioner's recordkeeping was an unacceptable practice under 18 NYCRR 515.2 (b) (6), as was the failure to produce the patient's chart in sample No. 44.

Petitioner also contends that the sampling method utilized by the Department was improper since the number of samples was too small to provide a reliable statistical estimate. However, in reviewing Medicaid files to determine whether overpayments have been made and to estimate the amounts of overpayment, the use of statistical samples by the Department rather than an analysis of individual cases is neither arbitrary nor capricious or in excess of the Department's authority. Further, extrapolation based on an audit using the statistical sampling method will be presumed valid in the absence of expert testimony to the contrary (see, Matter of Mercy Hosp. v New York State Dept. of Social Servs., 79 NY2d 197).

In this case the prima facie validity of the Department's methodology was shown by the certificates of Karl Heiner, who holds a doctorate in applied statistics, and Frank Fezza, a statistician with the Department. As petitioner failed to timely challenge the merits of the methodology pursuant to 18 NYCRR 519.18 (a), he is precluded from pursuing this matter. Assuming that petitioner's challenge was timely, there was no abuse of discretion in accepting the reports of Heiner and Fezza since hearsay evidence may be received at the discretion of the ALJ (see, State Administrative Procedure Act § 306; 18 NYCRR 519.18 [b]). While petitioner submitted expert testimony to rebut the Department's proof, the ALJ, as the trier of fact and evaluator of the testimony, properly concluded that petitioner failed to establish that the Department's projections were not accurate (see, Matter of Roggemann v Bane, 206

AD2d 622, *lv denied* 84 NY2d 809; *Matter of Louis v Dowling,* 203 AD2d 742).

Thus, reviewing the entire record, we find there is substantial evidence to sustain the findings of the ALJ *(see, Block v Ambach,* 73 NY2d 323; *Matter of Clin Path v New York State Dept. of Social Servs.,* 193 AD2d 1034; *Matter of Tobon v Bane,* 192 AD2d 851). We also find that the restitution ordered by the ALJ was not, as claimed by petitioner, arbitrary or capricious since the Department is empowered to require reimbursement for Medicaid overpayments due to unacceptable recordkeeping *(see, Matter of Roggemann v Bane, supra).* The determination of the ALJ should therefore be confirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.