■ In the Matter of CONSTANTIN G. CONSTANT, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [626 NYS2d 834] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated December 30, 1992, which, after a hearing, found that the petitioner had engaged in unacceptable practices, excluded him from the Medicaid Program for a period of 5 years, and directed him to make restitution for overpayments.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, a radiologist licensed to practice medicine in New York, was an enrolled Medicaid provider approved by the respondent New York State Department of Social Services (hereinafter the DSS). In addition to his private practice, the petitioner did consulting work which consisted of interpreting sonogram studies and X-rays provided to him by a medical group, Abelian Group (hereinafter Abelian). Treating physicians would refer patients to Abelian for diagnostic ultraso-

nography and X-rays. Technicians employed by the Abelian Group would administer the tests. The petitioner would thereafter interpret the films and submit reports to the referring physicians. The films would then be returned to Abelian. Abelian billed Medicaid under the petitioner's provider number. The petitioner claimed that he received only $38,000 in payments from Abelian while Abelian billed Medicaid for several hundred thousand dollars in services.

An audit was conducted of the petitioner's Medicaid patient records for the payment period of January 1, 1986, to December 31, 1987, after which it was determined that the petitioner had engaged in unacceptable practices and had received overpayments from Medicaid. The DSS proposed a sanction which called for the petitioner's exclusion as a Medicaid provider for 5 years and restitution of the alleged overpayments. After a hearing at which the petitioner contested the proposed sanctions, the DSS, in a determination dated December 30, 1992, upheld the proposed sanctions, excluded the petitioner from serving as a Medicaid provider for 5 years, and directed him to pay restitution in the amount of $393,040.

The determination that the petitioner committed unacceptable practices is supported by substantial evidence. It was found that in 252 instances the petitioner had engaged in the unacceptable practice of inadequate record keeping and billing (18 NYCRR former 515.2 [b] [2], [11]). Regarding those 252 instances, in 220, the petitioner was unable to produce any documentation and in the other 32, he was only able to produce partial documentation. In response, the petitioner argues that since Abelian billed Medicaid for the disputed services it was responsible for keeping the necessary documentation and that the DSS was lax in its pursuit of the necessary records from Abelian.

Since the services in question were billed under the petitioner's provider number it was his obligation to maintain these records and to furnish them upon request (see, Matter of Tobon v Bane, 192 AD2d 851). Thus, the determination relating to these 252 instances of unacceptable practices is adequately supported by the record (see, Matter of Mecca v Dowling, 210 AD2d 821; Matter of Huda v New York State Dept. of Social Servs., 191 AD2d 405).

The sanction imposed is consistent with the guidelines to be considered in determining the sanction (see, 18 NYCRR 515.4), and is not so disproportionate to the nature of the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v

*Board of Educ.,* 34 NY2d 222; *Matter of Ghosal v Bane,* 204 AD2d 215). Rosenblatt, J. P., Ritter, Santucci and Krausman, JJ., concur.