◼ In the Matter of RAISA KUCHMENT, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [634 NYS2d 849] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, excluded petitioner from participation in the Medicaid program for a period of five years.

After an audit revealed instances in which petitioner, a physician and enrolled provider under the Medicaid program, had billed for or ordered services, the need for which was not adequately documented in the patients' records, the Department of Social Services (hereinafter DSS) found that petitioner had engaged in unacceptable recordkeeping, submitted false claims and provided or ordered excessive services (*see*, 18 NYCRR 515.2 [b]). The final audit report disallowed 47 claims for billed services and 79 claims relating to services—laboratory tests and prescription medications—ordered from other providers. Extrapolating these findings from the 200 randomly selected records that were inspected to the universe of all claims submitted during the audit period (*see, Matter of Enrico*

*v Bane*, 213 AD2d 784), DSS sought restitution for purported overpayments in the amount of $297,879 and petitioner's exclusion from participation in the program for five years.

A hearing was held at petitioner's request; prior to its commencement, DSS withdrew its disallowance of payment for 20 of the services for which petitioner had billed the program directly, and two of the ordered services. After the hearing, respondent's designee upheld the remaining 27 disallowances for billed services, and 59 of those for ordered services. Petitioner seeks annulment of the resulting determination, which adjusted the amount of restitution accordingly to $224,531, and sustained the five-year exclusion penalty.

Petitioner's challenges to the validity of the statistical sampling method are unavailing, in the absence of expert testimony (or a complete accounting of all claims during the audit period) establishing that the method used was improper (*see*, 18 NYCRR 519.18 [g]; *Matter of Polanco v Commissioner of Dept. of Social Servs. of State of N. Y.*, 212 AD2d 443, 443-444). Although she also attacks the adequacy of the certification relied upon by DSS to invoke the presumption of validity which attaches to an appropriately certified statistical extrapolation (*see*, 18 NYCRR 519.18 [g]), that issue has not been preserved for review. Having failed to register any specific objection to the admission of the certification and supporting documents at the hearing, petitioner cannot now prevail on that basis (*see*, *Matter of Enrico v Bane*, *supra*, at 786).

Turning to the merits of the disallowances, petitioner denounces respondent's determination with regard to 23 of the disallowed claims for ordered services, and six of those for services she billed directly. The majority of the contested ordered service claims were for renewals of prescription medications that had originally been ordered on a previous visit, and the continuing need for which was documented only by a notation that there were "no significant changes in condition" or that, with the exception of matters explicitly noted, the patient's condition was "status quo otherwise". DSS' peer reviewer testified that, in several cases, the records did not indicate physical findings that would have justified the use of the medication in the first instance and that, in any event, these shorthand notations on followup visits do not comport with accepted medical practice, do not satisfy the regulatory requirements and do not sufficiently establish the need for continuing medication. Particularly, he noted, they do not adequately document the patient's progress by indicating whether the medication has helped the condition for which it was prescribed (*see*, 18 NYCRR 540.7 [a] [10] [vi]).

The contrary view held by petitioner and her expert witnesses merely presented a credibility question, respondent's resolution of which cannot be said to have been wholly irrational, especially in view of the fact that one of petitioner's witnesses also referred to the notations in question as "extreme shorthand", of which he disapproved. Thus, annulment of respondent's affirmance of the disallowances arising from samples 113, 123, 134, 137, 144, 158, 159, 161, 169, 181, 189 and 195 is not warranted (*see, Matter of Keppler v New York State Dept. of Social Servs.*, 218 AD2d 877, 878-879; *Matter of Newman v Dowling*, 210 AD2d 552, 553; *Matter of Clin Path v New York State Dept. of Social Servs.*, 193 AD2d 1034, 1036).

As for the claim relating to sample 200, a prescription for asthma medication, petitioner concedes that the patient's record did not contain the actual test results from a pulmonary function test, but asserts that the summary of those results included therein is sufficient to justify the treatment ordered. Respondent's rejection of that contention is supported by the peer reviewer's testimony that in the absence of the actual results, it is impossible to determine whether the summary is accurate and, thus, whether the medication was necessary for the patient's physical condition.

Petitioner's arguments with respect to the claims arising from samples 8, 10, 11, 25, 82, 196 and 197 were not advanced at the hearing and thus cannot be relied upon to demonstrate the propriety of those claims at this juncture. On the basis of the hearing record, respondent's determination that petitioner did not meet her burden of proving those claims properly due and payable (*see,* 18 NYCRR 519.18 [d] [1]) was fully warranted.

The remainder of the disputed claims involve laboratory tests that petitioner denies having ordered. She maintains that respondent wrongly relied upon the presumption of validity of DSS' computer records (*see,* 18 NYCRR 519.18 [f]) to prove that she was the ordering physician in those instances. The presumption was not invoked to justify most of the cited disallowances, however, and even in those instances where it was referred to, respondent's designee also stated additional grounds for the disallowance, namely, that petitioner admitted having ordered a panel, or profile, of tests, and did not establish that the test at issue was not part of that profile. These findings support respondent's determination that petitioner did not disprove DSS' allegations that she ordered the tests.

Petitioner's remaining arguments, including those directed at the appropriateness of the penalty, are meritless (*see, e.g., Matter of Polanco v Commissioner of Dept. of Social Servs. of*

*State of N. Y., supra*, at 444; *Matter of Ghosal v Bane*, 204 AD2d 215, 215-216, *lv denied* 84 NY2d 805).

Mikoll, J. P., Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.