■ In the Matter of BRADLEY WINSLOW, Appellant, v NEW YORK STATE OFFICE OF THE MEDICAID INSPECTOR GENERAL, Respondent. [936 NYS2d 349]—

Malone Jr., J.

Petitioner, a registered nurse, served a prison sentence in a shock incarceration program for a criminal conviction stemming from an incident in which he provided waste liquid morphine to

a confidential informant. As a result of the conviction, the State Education Department, Office of Professional Discipline, State Board of Nursing suspended petitioner's license for 24 months, 20 of which were stayed, and placed him on probation for two years. Subsequently, respondent, an independent office within the Department of Health, issued a notice of immediate action to petitioner, informing him that he was excluded from participation as a provider in the state's Medicaid program as a result of his criminal conviction. Petitioner administratively appealed that determination, arguing only that in light of his criminal incarceration and professional discipline proceedings, no further penalties were warranted. Respondent affirmed the determination, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and petitioner appeals.

The Department of Health is responsible for administering the Medicaid program (see Public Health Law § 201 [1] [v]; Social Services Law § 363-a; 18 NYCRR 504.1 [d] [12]) and is vested with the authority to pursue administrative enforcement actions against those accused of perpetrating fraud, abuse, waste or other illegal or inappropriate acts within the program (see Public Health Law § 32 [6]). This authority extends to imposing an immediate sanction of exclusion from participation in the program on individuals who have been convicted of a crime that "relate[d] to or results from . . . the furnishing of . . . medical care, services or supplies" (18 NYCRR 515.7 [c] [1]; see 515.7 [c] [2]). Petitioner contends that his criminal conviction does not relate to or result from the furnishing of medical care, services or supplies and, thus, respondent's determination excluding him from participation in the Medicaid program is arbitrary and capricious. Having failed to raise this issue in his administrative appeal, it is not properly preserved for judicial review (see Matter of Kuchment v Commissioner of N.Y. State Dept. of Social Servs., 222 AD2d 806, 807 [1995]). In any event, petitioner does not deny that he provided—i.e., furnished— morphine to another, and we find nothing arbitrary or irrational about respondent's interpretation of the terms "medical care, services or supplies" to include morphine (18 NYCRR 515.7 [c] [1]; see Matter of Elcor Health Servs. v Novello, 100 NY2d 273, 280 [2003]). Further, in light of the express authority of respondent to "immediately exclude [petitioner] . . . from participation in the program" as a result of his criminal conviction (18 NYCRR 515.7 [c] [2]), it cannot be said that the imposition of that penalty here is disproportionate to petitioner's offense or offends a sense of fairness (see e.g. Matter of Pell v Board of

*Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 237 [1974]).*

To the extent that they are preserved, we have considered petitioner's remaining contentions and found them to be without merit.

Mercure, A.P.J., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Although we note that neither the notice of exclusion nor respondent's decision in the administrative appeal identified a specific time period of exclusion, respondent has the authority to exclude petitioner only "for a reasonable time" (18 NYCRR 515.3 [a] [1]). Moreover, respondent specifically informed petitioner that he may reapply for reinstatement as a provider in the program (*see* 18 NYCRR 515.10), which implies that petitioner's exclusion was not necessarily permanent.