Matter of The Hurlbut, LLC v New York State Off. of Medicaid Inspector Gen. (2019 NY Slip Op 05442)





Matter of The Hurlbut, LLC v New York State Off. of Medicaid Inspector Gen.


2019 NY Slip Op 05442


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


143 TP 18-01460

[*1]IN THE MATTER OF THE HURLBUT, LLC, PETITIONER,
v
NEW YORK STATE OFFICE OF MEDICAID INSPECTOR GENERAL, DENNIS ROSEN, NEW YORK STATE MEDICAID INSPECTOR GENERAL, NEW YORK STATE DEPARTMENT OF HEALTH, AND HOWARD A. ZUCKER, NEW YORK STATE COMMISSIONER OF HEALTH, RESPONDENTS. 






PULLANO & FARROW, ROCHESTER (MICHAEL P. SCOTT-KRISTANSEN OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [J. Scott Odorisi, J.], entered July 26, 2018) to review a determination of respondent New York State Department of Health. The determination, among other things, adjudged that respondent New York State Department of Health is entitled to recover from petitioner overpayments of Medicaid benefits for certain services determined not to be medically necessary. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge (ALJ), made after a hearing, insofar as it affirmed in part the determination of respondent New York State Office of Medicaid Inspector General (OMIG) after a final audit of Medicaid claims paid to petitioner. Specifically, the ALJ affirmed those parts of OMIG's determination finding that respondent New York State Department of Health (DOH) is entitled to recover from petitioner Medicaid overpayments for certain services determined not to be medically necessary. We confirm the determination and dismiss the petition.
Contrary to petitioner's contention, substantial evidence supports the ALJ's determination affirming OMIG's disallowance of Medicaid coverage for physical and/or occupational therapy provided to three nursing home residents based on a lack of medical necessity (see CPLR 7803 [4]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County , 34 NY2d 222, 230 [1974]). "Medical care, services or supplies . . . will be considered excessive or not medically necessary unless the medical basis and specific need for them are fully and properly documented in the client's medical record" (18 NYCRR 518.3 [b]).
Here, the ALJ relied on the subject residents' medical records in determining that petitioner is liable for the overpayment of medical funds disbursed "for inappropriate, improper, unnecessary or excessive care, services or supplies" (id. ). Specifically, with respect to "Resident 32," although knee pain is listed on the occupational therapy evaluation form as the reason for the therapy, knee pain is not documented in the resident's medical record.
With respect to "Resident 29," who suffered from frequent falls associated with his dementia, a progress note in his record indicates that he was at "baseline" on one day, but a [*2]rehabilitation note from the therapist the following day indicates that the goal of therapy was to return the resident to baseline. Given those inconsistencies, the resident's record fails to demonstrate that the therapy was medically necessary. Further, even assuming, arguendo, that the ALJ's determination with respect to "Resident 21" changed that resident's classification and affected petitioner's rate of reimbursement, we conclude that the ALJ correctly determined that the medical record fails to document the resident's need for continued therapy. Here, the medical record reflects that the resident's improvement had begun to plateau, but does not document any goals for future therapy that would justify continuing the services. Thus, even if continued therapy was medically necessary, petitioner's recordkeeping failure supports the ALJ's determination that OMIG properly disallowed the services in question (see 18 NYCRR 515.2 [b] [6]; 518.3 [b]; see also Matter of Enrico v Bane , 213 AD2d 784, 785 [3d Dept 1995]).
Finally, we reject petitioner's contention that the ALJ's determination was arbitrary and capricious (see CPLR 7803 [3]; see also Matter of Marzec v DeBuono , 95 NY2d 262, 266 [2000], rearg denied 96 NY2d 731 [2001]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court