5 In the Matter of Hamid Lalani, Petitioner, v Mary Jo Bane, as Commissioner of the New York State Department of Social Services, Respondent. [605 NYS2d 48] —Determination of respondent Commissioner of the New York State Department of Social Services, dated November 13, 1991, which, after a hearing, excluded petitioner from the Medicaid program for two years upon a finding that he failed to properly document the medical necessity of services and supplies that he ordered or prescribed, and directed him to make restitution of $105,924 for Medicaid overpayments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Martin Schoenfeld, J.], entered August 18, 1992) is dismissed, without costs.

The record supports respondent's finding that the medical necessity of the random orders reviewed was not "fully and properly documented in the client[s'] medical record[s]" (18

NYCRR 518.3 [b]). No evidence was presented by petitioner to overcome the presumption of validity of the statistical sampling method employed by respondent (18 NYCRR 519.18 [g]), or of the computerized record of services ordered by him in arriving at the total amount of restitution demanded for overpayments (18 NYCRR 519.18 [f]). In the circumstances, the two-year exclusion of petitioner from the program was not excessive (see, Matter of Huda v New York State Dept. of Social Servs., 191 AD2d 405). Concur—Murphy, P. J., Sullivan, Ross and Asch, JJ.