■ In the Matter of SERGE LOUIS, Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [610 NYS2d 404] — Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents which censured petitioner in connection with his participation in the Medicaid program and required restitution for overpayments.

Based upon a two-part, billed services and ordered services

audit conducted by respondent State Department of Social Services (hereinafter the Department), petitioner, a licensed physician enrolled as a Medicaid provider, was charged with submitting false claims, unacceptable recordkeeping and furnishing or ordering medical services in excess of patients' needs. After an administrative hearing, the charges were sustained and petitioner was censured and ordered to pay $29,259 as restitution of Medicaid overpayments. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the determination.

According to petitioner, the record does not contain substantial evidence to support the findings that he submitted false claims, failed to maintain acceptable records and furnished or ordered excessive services. We disagree. The billed services portion of the audit revealed that petitioner failed to produce certain records and that other records contained no entry for the date the billed services were allegedly rendered. In one instance, petitioner billed the Medicaid program for two visits by a patient in one day when that patient's chart showed only one visit. The ordered service portion of the audit revealed that certain records failed to document the medical basis and specific need for prescribed medications. The latter finding is based in part upon the testimony of the Department's expert, Morris Honigman, an obstetrician and gynecologist who served as medical supervisor for the Department's audit program.

Petitioner's criticism of Honigman's qualifications and the quality of his testimony affects the weight to be ascribed to the testimony, which is a matter to be decided by the fact finder (see, Hoagland v Kamp, 155 AD2d 148, 152). Based upon our review of the record, we conclude that there is substantial evidence to support the finding that a number of petitioner's records were missing, incomplete or inadequately specific and detailed. As a result, the records did not "fully disclose the medical necessity for and the nature and extent of the medical care, services or supplies furnished", which constitutes unacceptable recordkeeping (18 NYCRR 515.2 [b] [6]). Based upon the failure of petitioner's records to document the medical necessity for the care, services or supplies, respondents could rationally conclude that petitioner was guilty of the unacceptable practice of excessive services (see, 18 NYCRR 515.2 [b] [11]; 518.3 [b]). Petitioner's testimony that the care, services or supplies were, in fact, medically necessary merely created a question of credibility for respondents to resolve (see, Matter of Zalmanov v Sobol, 186 AD2d 919, 921). These

findings and conclusions also support the conclusion that petitioner submitted false claims *(see,* 18 NYCRR 515.2 [b] [1] [c]). The false claim charge against petitioner relates only to the ordered services audit which encompassed a period subsequent to the amendment of the relevant regulations which rendered petitioner's intent immaterial. We have considered petitioner's various arguments on the substantial evidence issue and find them insufficient to permit judicial intervention in the administrative determination. The evidence supports a finding of misconduct and the imposition of sanctions *(see, Matter of Triant v Perales,* 112 AD2d 548).

As to the restitution ordered by respondents, the regulations recognize that providers are jointly and severally liable for any overpayments, but the amount of the recovery from any one provider cannot include any amount actually recovered from another provider (18 NYCRR 518.3 [c]). With respect to the overpayments arising out of the ordered services audit, petitioner requested that the Department produce documentation to establish that the amount of the overpayment sought from petitioner included no amount that was actually recovered from any other provider. In response to petitioner's request, the Department's assistant counsel confirmed that, based upon his investigation of the potential for duplication of restitution claims, "no portion of the restitution amount claimed in this matter has or will in fact be received from any other person for the care, services, or supplies at issue in this case". We reject petitioner's claim that the Department violated 18 NYCRR 518.3 (c) by failing to produce documentation at the hearing to corroborate the statement by the assistant counsel. Petitioner's claim that his request for the documents under the Freedom of Information Law was erroneously denied is not a proper subject for review in this proceeding *(see,* Public Officers Law § 89 [4]). The determination should be confirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.