■ In the Matter of SCOTT NEWMAN, Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, Respondent. [619 NYS2d 794] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia,* excluded petitioner from participating in the Medicaid program for five years.

Petitioner, a licensed physician and participating provider in the Medicaid program, was found guilty of engaging in unacceptable practices as defined in 18 NYCRR 515.2 based upon a two-part audit of petitioner's records conducted by the Department of Social Services (hereinafter DSS) to determine petitioner's compliance with Medicaid regulations. Based upon the finding, petitioner was excluded from participation in the

Medicaid program for five years and restitution in excess of $400,000 was ordered. In this proceeding, petitioner challenges the determination on a number of grounds.

Initially, we note that DSS has the authority to use statistical samples to determine compliance with Medicaid regulations and petitioner bears the burden of establishing that the audit methodology was unreliable (see, Matter of Mercy Hosp. v New York State Dept. of Social Servs., 79 NY2d 197, 204). The record supports respondent's conclusion that petitioner failed to meet his burden and did not elect to present an actual accounting of all the claims to rebut the results of the audit (see, Matter of Lalani v Bane, 199 AD2d 80, 81). Petitioner also contends that respondent failed to establish the existence of a professional standard or generally accepted medical practice (see, 18 NYCRR 519.18 [d]). We agree with respondent, however, that the focus of the determination was not on the quality of the care rendered by petitioner, but on the adequacy of his records (see, Matter of Herzog v Bane, 195 AD2d 787, 788). Contrary to petitioner's argument, the testimony of DSS' expert concerning the adequacy of the documentation of the medical basis and specific need for the medications and services ordered by petitioner can provide the necessary substantial evidence to support a finding of petitioner's guilt of unacceptable practices (see, Matter of Roggemann v Bane, 206 AD2d 622; Matter of Louis v Dowling, 203 AD2d 742).

The regulations specify the relevant recordkeeping requirements for Medicaid providers (see, e.g., 18 NYCRR 517.3 [b]). Medical services rendered, ordered or prescribed by a provider are considered excessive and subject to restitution "unless the medical basis and specific need for them are fully and properly documented in the client's medical record" (18 NYCRR 518.3 [b]). Respondent disallowed certain billed services based upon missing charts, chart entries and medical records that were necessary to establish that petitioner had actually performed the procedures. Petitioner's contention that the appropriate records must have been lost or misplaced was rejected by respondent as unconvincing in light of petitioner's obligation to maintain and furnish upon request records which document his entitlement to payment (see, 18 NYCRR 504.3 [a]; 517.3 [b]).

Other billed services were disallowed as duplicate billings where petitioner billed for two different levels of services for a single visit. According to petitioner, he was entitled to dual reimbursement for single visits whenever he dealt with a

major problem which required a heightened level of service and also treated a condition that required only minimal service. Respondent construed the relevant regulation (18 NYCRR 533.3 [a] [2]) as not authorizing separate billing for the minimal level of service when the minimal level of service is necessarily an integral part of the one visit. As to the ordered services portion of the audit, respondent disallowed certain services due to the absence of sufficient detailed information in the patients' charts to document the medical basis and specific need for the services ordered by petitioner. In so concluding, respondent relied in large part upon the testimony of DSS' expert witness.

We see no basis to disturb the determination. There is sufficient evidence in the record from which the factfinder could rationally draw the conclusions contained in the determination. To the extent that the evidence presented questions of credibility, including those raised by conflicting expert opinion, they were for respondent to resolve (see, Matter of Louis v Dowling, supra). We have considered petitioner's remaining arguments and find them insufficient to merit extended discussion. In particular, we note that DSS examined its records and determined that restitution as to the ordered services would not result in double recovery (see, supra), and considering the number of inadequacies in petitioner's records and the amount of Medicaid overpayments, we see no basis to disturb the penalty (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Lalani v Bane, 199 AD2d 80, 81, supra).

Mikoll, J. P., Crew III and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.