(February 21, 1995)

■ In the Matter of MACHADO POLANCO, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK, Respondent. [622 NYS2d 932] —Determination of the Commissioner of the Department of Social Services of the State of New York, dated June 30, 1993, excluding petitioner from participation in the Medicaid Program for a period of five years, and directing him to make restitution of $103,442 for Medicaid overpayments, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward H. Lehner, J.], entered February 2, 1994) is dismissed, without costs.

Medicaid providers are required to maintain adequate records of diagnoses, patient histories, and reasons justifying tests or prescriptions so that "the medical necessity for and the nature and extent of the medical care, services or supplies furnished" can be ascertained (18 NYCRR 515.2 [b] [6]; *Matter of Adrien v Kaladjian,* 199 AD2d 57). A provider who fails to maintain records that fully disclose the medical necessity for and the nature and extent of the medical care, services, or supplies furnished (18 NYCRR 515.2 [b] [6]) is guilty of an "unacceptable practice" (18 NYCRR 515.2 [a] [1]), and may be sanctioned therefor (18 NYCRR 515.3). The burden is on the provider to demonstrate that the proper records have been maintained (18 NYCRR 519.18 [d] [1]). Here, substantial evidence supports respondent's finding that petitioner failed to adequately document the medical necessity for Medicaid services ordered under his Medicaid provider number. Petitioner was responsible for the services provided by his physician's assistant. (10 NYCRR 94.2 [a], [f].) While the assistant wrote the orders for the subject prescriptions and laboratory tests, all billing was processed under petitioner's name and Medicaid provider number, and he reviewed the medical charts upon which the orders were based. Inasmuch as petitioner chose to employ an assistant, he was responsible for the assistant's work *(ibid.).*

Petitioner has failed to offer either expert testimony or an actual accounting of all claims paid to rebut the presumption of validity that attaches to the statistical sampling method utilized by respondent in determining the amount of restitution for overpayments that respondent is entitled to recover (18 NYCRR 519.18 [g]; *Matter of Ghosal v Bane,* 204 AD2d

215, *lv denied* 84 NY2d 805). Moreover, the sampling method, which was certified by respondent's statistician as valid, has been upheld *(Matter of Mercy Hosp. v New York State Dept. of Social Servs.,* 79 NY2d 197; *Matter of Clin Path v New York State Dept. of Social Servs.,* 193 AD2d 1034).

Petitioner's claim that the Administrative Law Judge was biased is unsubstantiated, his requests that petitioner speak loudly evidencing only his desire to hear all the evidence and to ensure that a proper record was made.

"[A] provider of Medicaid services has no vested right to continued participation in the program; rather, such participation is a privilege which may, in proper circumstances, be revoked." *(Schaubman v Blum,* 49 NY2d 375, 380.) Here, the sanctions are not so disproportionate to the nature of the offenses as to be shocking to one's sense of fairness *(see, Matter of Ghosal v Bane, supra).*

We have reviewed petitioner's other claims and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.