■ In the Matter of JAN KEPPLER, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [629 NYS2d 861] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, excluded petitioner from participation in the Medicaid program for a period of two years.

Petitioner is a licensed physician and, at all times relevant to this proceeding, was a participating provider in the Medicaid program. Respondent conducted an audit of petitioner's records with respect to services ordered by petitioner, including any prescriptions he had written or laboratory tests he had ordered, for the period June 6, 1988 through December 11, 1989. A draft audit report was issued, indicating a projected disallowance of approximately $67,000 based upon respondent's finding that petitioner had engaged in "unacceptable practices" as defined in 18 NYCRR 515.2 (b). Ultimately, respondent issued a final notice of agency action advising petitioner that he was excluded from participation in the Medicaid program for two years and ordering him to make restitution in the amount of $51,164 plus interest. In so doing respondent,

disallowed 15 of the 50 ordered services that were sampled during the course of the audit.

During the course of the administrative hearing that followed, respondent withdrew three of the 15 services that had been disallowed and readjusted the projected disallowance. The Administrative Law Judge (hereinafter ALJ) upheld respondent's findings as to 11 of the 12 remaining sample services, determined the overpayment to be $32,613 and recommended that petitioner be excluded from participation in the Medicaid program for a period of two years. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to set aside respondent's determination.

Initially, we reject petitioner's assertion that there is not substantial evidence to support the finding that he engaged in unacceptable practices within the meaning of 18 NYCRR 515.2 (b).* It is well settled that a provider may only submit claims for medically necessary services which are actually rendered (*see*, 18 NYCRR 504.3 [e]) and, further, that he or she is required to, *inter alia*, document the medical necessity of the care, services or supplies so provided (*see*, 18 NYCRR 515.2 [b] [6]). In this regard, "[a] provider who fails to maintain records that fully disclose the medical necessity for and the nature and extent of the medical care, services, or supplies furnished * * * is guilty of an 'unacceptable practice' * * * and may be sanctioned" (*Matter of Polanco v Commissioner of Dept. of Social Servs.*, 212 AD2d 443 [citations omitted]; *see*, 18 NYCRR 515.2 [b] [1] [i] *[c]*).

Here, the crux of the ALJ's determination was that by failing to maintain adequate records and sufficiently document the medical basis and need for the various services ordered or medications prescribed, petitioner not only violated the recordkeeping requirements (*see*, 18 NYCRR 515.2 [b] [6]; 518.3 [b]) but, by virtue of the same conduct, engaged in unacceptable practices by causing claims to be submitted for services that were not medically necessary in violation of 18 NYCRR 515.2 (b) (1) (i) *(c)*. In this regard, there can be little doubt that the testimony offered by respondent's expert provides the substantial evidence necessary to support respondent's deter-

---

* Insofar as is relevant to this proceeding, "unacceptable practices" includes submitting or causing to be submitted a claim for "medical care, services or supplies provided at a frequency or in an amount not medically necessary" (18 NYCRR 515.2 [b] [1] [i] *[c]*) and "[f]ailing to maintain records necessary to fully disclose the medical necessity for and the nature and extent of the medical care, services or supplies furnished" (18 NYCRR 515.2 [b] [6]).

mination. With respect to each of the disallowed samples, respondent's expert testified, *inter alia*, that there was insufficient information and/or inadequate documentation in the respective patients' charts to warrant the test ordered or the medication prescribed. To the extent that petitioner's experts, both of whom appeared to know little about the documentation requirements imposed upon participating Medicaid providers, offered testimony to the contrary, this merely presented a credibility determination for respondent to resolve (*see, Matter of Newman v Dowling*, 210 AD2d 552, 554). Petitioner's remaining contentions, including his assertion that the ALJ relied upon inappropriate factors in determining the penalty to be imposed and that the penalty itself is disproportionate to the underlying offense, have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.