■ In the Matter of LEKHU K. LALA, Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [640 NYS2d 933] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which, *inter alia*, excluded petitioner from participation in the Medicaid program for a period of two years.

Petitioner, a licensed physician specializing in cardiology and internal medicine, was a participating provider in the State's Medical Assistance Program (hereinafter Medicaid). Respondent Department of Social Services conducted an audit of petitioner's patient records for the period June 6, 1988 through July 10, 1989, which culminated in the finding that, of a random sample of 50 services petitioner had ordered during that time, 10 were disallowed as not supported by adequate documentation in the patient's record. These disallowed payments, extrapolated to the universe of audited claims, resulted in petitioner being ordered to make restitution in the amount of $64,649 (plus interest) and excluded from participation in the Medicaid program for two years. After a hearing, the Administrative Law Judge (hereinafter ALJ) upheld each of the disallowances and, finding no mitigating factors, sustained the penalty imposed by the Department. Petitioner then commenced this CPLR article 78 proceeding seeking annulment of the ALJ's determination.

We confirm. The testimony of the Department's physician reviewer, Robert Matz, provides ample basis for the ALJ's conclusion that petitioner failed to appropriately document the medical basis and specific need for the prescriptions at issue, as required (*see, Matter of Newman v Dowling*, 210 AD2d 552, 553; *Matter of Roggemann v Bane*, 206 AD2d 622, 623, *lv denied* 84 NY2d 809). In each case, Matz testified that the patient's record for the date in question did not demonstrate a need for the drug ordered. For example, antibiotics were ordered for two patients whose recorded symptoms did not indicate the presence of a bacterial infection; vitamin supplements with iron, ordinarily used to treat anemia, were prescribed for three patients, despite the lack of any evidence that they were actually anemic (in one of these cases, the most recent blood test—admittedly several years old—revealed no anemia); and on one occasion, an ulcer medication was given, although the patient had not been diagnosed as suffering from such an ailment. Moreover, several of the records did not sufficiently document the prescription for which payment was disallowed, including the dosage and treatment regimen ordered (*see*, 18 NYCRR 540.7 [a] [10] [vii]; *Matter of Enrico v Bane*, 213 AD2d 784, 786).

Petitioner contends that the ALJ erred in finding that he violated generally accepted medical practices in the absence of any proof of the applicable standards. No such finding was made, however; petitioner was only charged with, and found guilty of, unacceptable recordkeeping (*see*, 18 NYCRR 515.2 [b] [6]; *Matter of Newman v Dowling, supra*, at 553), the standards for which are clearly set forth in the pertinent regulations (*see*, 18 NYCRR 515.2 [b] [6]; 518.3 [b]; *cf.*, 18 NYCRR 540.7 [a] [10]). Matz's testimony, wherein he explained the specific way in which each of the contested records was inadequate, provided the necessary evidentiary basis to sustain the charges. To the extent that petitioner testified otherwise, it was within the ALJ's power to resolve the conflict, as he did, in the Department's favor (*see, Matter of Louis v Dowling*, 203 AD2d 742, 743).

The contrary view expressed by petitioner notwithstanding, we do not find the amount of restitution required improper (*see*, 18 NYCRR 518.1 [c]; 518.3 [b]). Nor is the sanction imposed shockingly unfair, given the magnitude of the overpayment and the apparent frequency with which petitioner engaged in such recordkeeping violations (*see*, 18 NYCRR 515.4; *Matter of Polanco v Commissioner of Dept. of Social Servs. of State of N. Y.*, 212 AD2d 443, 444; *Matter of Newman v Dowling, supra*, at 554; *Matter of Roggemann v Bane, supra*, at 624).

We have considered petitioner's remaining arguments and find them similarly meritless.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.