■ In the Matter of GEORGE TSAKONAS, Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, Respondent. [642 NYS2d 342] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, excluded petitioner from participation in the Medicaid program for a period of five years.

As the result of an audit conducted by the Department of Social Services, petitioner, a licensed physician participating in the Medicaid program, was charged (as relevant to this proceeding) with submitting claims for services that were not medically necessary (18 NYCRR 515.2 [b] [1] [i] [c]) and unacceptable recordkeeping (18 NYCRR 515.2 [b] [6]). These charges were based upon a finding that, in 25 cases out of a random sample of 50 ordered services, petitioner's medical charts failed to include information sufficient to fully disclose the medical necessity for the service. Following a hearing, the Administrative Law Judge (hereinafter ALJ) affirmed 14 of the disallowances which, extrapolated to a universe of 59,682 claims, resulted in a total disallowance of $189,789. The ALJ also affirmed the Department's determination to demand restitution for the overpayment and to exclude petitioner from the Medicaid program for five years. Petitioner challenges the Department's determination in this CPLR article 78 proceeding.

We reject petitioner's central thesis, that his due process rights were violated in connection with the receipt of evidence

produced by the Department's peer review physician, Morris Honigman. The record shows that Honigman prepared a written report covering each of the subject samples, setting forth, among other things, the date and identity of the drug or test ordered by petitioner and the stated diagnosis, and then detailing the documentation contained in the particular patient's chart and the extent to which it provided medical support for the diagnosis or established the necessity for the ordered service. In addition, Honigman was called as a hearing witness. Unfortunately, after Honigman completed his direct testimony and was partially cross-examined, he retired from State service and refused to return to complete cross-examination. Petitioner responded by moving to dismiss the proceeding against him or, alternatively, to strike Honigman's testimony in its entirety. At the conclusion of the hearing, the ALJ granted the part of petitioner's motion that sought to strike Honigman's testimony but refused to similarly strike Honigman's written report, which he relied upon as evidence in support of his findings.

Initially, we are not persuaded by the argument that, absent an opportunity to challenge Honigman's findings and credibility on cross-examination, the ALJ erred in receiving and crediting Honigman's written report. Plainly, petitioner's reliance upon *Matter of Erdman v Ingraham* (28 AD2d 5), a case decided on the basis of the subsequently repudiated "legal residuum rule" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180, n), is significantly misplaced. Under the governing standard now in effect, hearsay evidence, if sufficiently believable, relevant and probative, may constitute substantial evidence (*see,* CPLR 7803 [4]; *Matter of Gray v Adduci,* 73 NY2d 741, 742; *People ex rel. Vega v Smith,* 66 NY2d 130, 139; *Matter of Anderson v Bane,* 199 AD2d 708, 710). Further, although petitioner is correct in his assertion that he lacked the power to issue a subpoena compelling Honigman's attendance (*see, Matter of Chang Il Moon v New York State Dept. of Social Servs.,* 207 AD2d 103; *cf., Matter of Anderson v Bane, supra*), petitioner certainly could have requested the ALJ to issue a subpoena pursuant to Social Services Law § 34 (5) (b) and 18 NYCRR 519.15 (a) (*see, Matter of Chang Il Moon v New York State Dept. of Social Servs., supra*). Finally, we are not persuaded to disturb the ALJ's factual determination to credit Honigman's report (*see, Matter of Louis v Dowling,* 203 AD2d 742, 743), which we find to be sufficiently believable, relevant and probative.

Turning to the remaining assertions of error, we conclude that petitioner did not satisfy his burden of demonstrating

that the Department's audit methodology was unreliable (*see*, 18 NYCRR 519.18 [d]; *Matter of Mercy Hosp. v New York State Dept. of Social Servs.*, 79 NY2d 197, 204), and it is not the Department's burden to disprove petitioner's speculation that there may have been duplicate recovery for ordered services (*see*, 18 NYCRR 518.3 [c]; *Matter of Enaw v Dowling*, 220 AD2d 942, 944; *Matter of Newman v Dowling*, 210 AD2d 552, 554). Finally, petitioner's exclusion from the Medicaid program for five years is not "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Mecca v Dowling*, 210 AD2d 821, 826, *lv denied* 85 NY2d 809; *see*, *Matter of Kuchment v Commissioner of N. Y. State Dept. of Social Servs.*, 222 AD2d 806, 808; *Matter of Polanco v Commissioner of Dept. of Social Servs. of State of N. Y.*, 212 AD2d 443, 444). Petitioner's remaining contentions have been found similarly unavailing.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.