■ In the Matter of KEVIN MALONEY, Petitioner, v BRIAN J. WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [653 NYS2d 345] —Determination of the respondent Department of Social Services, dated May 21, 1995, which suspended petitioner from participating as a provider in the Medicaid program for a period of 5 years, and directed him to make restitution in the amount of $383,340, plus interest, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Lobis, J.], entered September 28, 1995) is dismissed, without costs.

The audit procedures used by the respondent violated nei-

ther the Social Security Act nor the Social Services Law. We also reject petitioner's contention that respondent's determination is based on a finding that petitioner failed to comply with generally accepted medical standards and that, as such, the respondent was required, pursuant to 18 NYCRR 519.18 (d), to establish the existence of such standards. Petitioner was not charged with medical malpractice, but rather was charged with submitting false claims, unacceptable recordkeeping and furnishing medical services in excess of patients' needs (18 NYCRR 515.2 [b] [1], [6], [11]; *see, Matter of Enaw v Dowling*, 220 AD2d 942, *lv denied* 87 NY2d 809). The audit report and respondent's expert witness's testimony provided the substantial evidence necessary to support the Administrative Law Judge's findings that petitioner failed to document adequately the medical basis for the ordered and billed services, and also provided excessive services.

Petitioner's criticism of the qualifications of the respondent's expert, his allegations that the expert's testimony was contradictory and inconsistent and his contentions that the services that he furnished were medically necessary merely created issues of credibility for the Administrative Law Judge to resolve (*see, Matter of Louis v Dowling*, 203 AD2d 742, 743), since all disputed charges were reviewed by a physician. We have considered petitioner's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Tom and Andrias, JJ.