■ In the Matter of ANDRESITO PACIS, Petitioner, v MARY GLASS, as Commissioner of the New York State Department of Social Services, Respondent. [663 NYS2d 129] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which, *inter alia*, excluded petitioner from participation in the Medicaid program for five years.

Petitioner, a radiologist licensed to practice medicine in New York, was enrolled in New York's Medicaid program during all relevant times. As in *Matter of Mecca v Dowling* (210 AD2d 821, *lv denied* 85 NY2d 809), petitioner was retained by New York Ultrasound to review and report on diagnostic ultrasounds performed by its technicians upon the request of the patients' treating physicians. Once the ultrasound was performed, video tapes on which the studies were recorded were provided to petitioner for his interpretation and medical evaluation.

This proceeding arose as a result of an audit by the State Department of Social Services (hereinafter the Department) wherein a random sample of petitioner's claims for radiological services provided to Medicaid recipients during the period of March 1985 through March 1987 were reviewed. Thereafter, the Department issued a notice of proposed agency action contending that petitioner had committed the unacceptable practices of submitting false claims, unacceptable record keeping, rendering excessive services and failing to meet recognized standards (*see*, 18 NYCRR 515.2 [b] [1], [6], [11], [12]).* The Department proposed restitution in the amount of $492,206 plus interest, as well as petitioner's exclusion from the Medicaid program for a period of five years.

In February 1990, the proposed actions were implemented. At the conclusion of an administrative review requested by petitioner (*see*, 18 NYCRR 519.4), the Administrative Law Judge (hereinafter ALJ), applying the regulations in effect dur-

---

* The notice of proposed agency action cited regulations which were not in effect during the time period of the audit. The specific disallowances fell into five separate categories:

Billed for in-depth sonogram studies (multiple organs) when limited abdominal studies had been performed (206 claims),

Billed for tests which other physicians denied ordering or authorizing another staff member to order (five claims),

Failed to present documentation to support services rendered (five claims),

Billed for additional tests not ordered by physician (29 claims) and

Billed for service not rendered (one claim).

ing the relevant time period, recommended the reversal of all disallowances stemming from alleged erroneous billing for in-depth sonogram studies when limited abdominal studies were performed and affirmed the remaining disallowances. The ALJ continued to recommend the implementation of the previously detailed penalties with a reduced restitution amount.

Respondent reversed all but seven of the ALJ's recommended disallowances regarding the in-depth sonogram studies, affirmed the remaining disallowances and found that petitioner had committed the unacceptable practice of knowingly making a claim for payment of unfurnished services or for an improper amount (*see,* 18 NYCRR former 515.2 [b] [1]). Petitioner was further found to have engaged in a course of conduct of making claims for unfurnished, unnecessary or inappropriate services or for improper amounts of payment (*see,* 18 NYCRR former 515.2 [b] [2]) and failing to adequately maintain his records (*see,* 18 NYCRR former 515.2 [b] [11], [12]). The penalty imposed was restitution in the amount of $120,100.20, plus interest, and five years' exclusion from the Medicaid program. This CPLR article 78 proceeding seeking review of that determination ensued.

We note, preliminarily, that notwithstanding the fact that the notice of proposed agency action charged petitioner with violating regulations which were not in effect during the audited time period, the substance of such regulations was not only similar to the proper regulations actually utilized at the hearing but also " 'reasonably specific, in light of all the relevant circumstances, to apprise [petitioner of the charges] * * * and to allow for the preparation of an adequate defense' " (*Matter of Garofalo v Dowling,* 223 AD2d 770, 772, quoting *Matter of Block v Ambach,* 73 NY2d 323, 333 [citation omitted]). On this basis, we find that petitioner failed to demonstrate that he was denied due process (*see, Matter of Garofalo v Dowling, supra*; *Matter of Mecca v Dowling,* 210 AD2d 821, *supra*).

In reviewing the underlying determination that petitioner knowingly made a claim for unnecessary services or for an improper amount and had engaged in a course of conduct of making claims for payment for unfurnished, unnecessary or inappropriate services or for improper amounts of payment (*see,* 18 NYCRR former 515.2 [b] [1], [2]), the record reveals substantial evidence in support thereof. The 29 claims charging petitioner with billing for an additional test which was not ordered by the treating physician were supported by both petitioner's own testimony, indicating that he knew it was within the province of the ordering physician to specifically

determine which studies were to be performed, and by the testimony of Ricardo Vance, who was listed as the ordering physician in the five specified instances.

Similarly unavailing is the challenge to the seven instances where respondent determined that there was an improper submission of claims for payment for individual organ sonograms when petitioner should have submitted a claim for a complete study. Substantial evidence established that petitioner was well aware that a complete abdominal sonogram consists of sonograms of all four abdominal organs (liver, spleen, pancreas and gallbladder) and that when sonograms are conducted on all four of such organs, the claim should be submitted under the code provided for a complete abdominal study (*see, Matter of Mecca v Dowling, supra*). Hence, contrary to petitioner's contention, the facts here do not mirror those of either *Matter of Herzog v Bane* (195 AD2d 787) or *Matter of Machovsky v New York State Dept. of Social Servs.* (Dept of Social Servs, 1582955M, June 20, 1997).

We further find no merit, based upon record evidence, to the challenge to respondent's determination that petitioner failed to maintain required records as necessary to fully disclose the extent of the services furnished and as required by, *inter alia*, the Social Services Law (*see*, 18 NYCRR former 515.2 [b] [11], [12]; *see also, Matter of Garofalo v Dowling, supra*, at 773; *Matter of Mecca v Dowling, supra*, at 825; *Matter of Louis v Dowling*, 203 AD2d 742, 743).

Regarding the penalties imposed, we must emphasize that "a provider of Medicaid services has no vested right to continued participation in the program; rather, such participation is a privilege which may, in proper circumstances, be revoked" (*Schaubman v Blum*, 49 NY2d 375, 380). In connection therewith, we find no viable challenge to the Department's demand for restitution (*see*, 18 NYCRR 515.3 [b]; 518.1 [c]). We further note the failure to offer either expert testimony or an actual accounting of all claims paid to rebut the presumption of validity that attaches to the statistical sampling method utilized by the Department and upheld by the Court of Appeals (*see, Matter of Mercy Hosp. v New York State Dept. of Social Servs.*, 79 NY2d 197, 203-204). Finally, we do not find the penalty of petitioner's exclusion from the Medicaid program for a period of five years " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364).

Accordingly, we confirm the administrative determination in its entirety as supported by substantial evidence.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

