■ In the Matter of SILAS ZUTTAH, Petitioner, v BRIAN WING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [674 NYS2d 130] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which excluded petitioner from participation in the Medicaid program for two years and sought recovery of overpayments.

In this CPLR article 78 proceeding, petitioner, a licensed physician and participating provider in the Medicaid program, is challenging a determination by respondent New York State Department of Social Services (hereinafter respondent) to exclude him from the Medicaid program for two years and to seek restitution of $63,453. Respondent reached this determination following an audit of petitioner's patient records which revealed a lack of documentation for various services petitioner

billed for or ordered. When his request for administrative relief was denied, petitioner commenced this proceeding.

At the administrative hearing, respondent presented the testimony of Morris Honigman, its peer review physician. After completing his direct testimony and a portion of the cross-examination, Honigman retired and refused to return to complete the cross-examination. While the Administrative Law Judge (hereinafter ALJ) denied petitioner's motion to dismiss, he did strike Honigman's testimony in its entirety; however, he allowed two unsigned memoranda authored by Honigman to remain in the record. Petitioner complains that the ALJ abridged his due process rights since he was denied his right of cross-examination. For the reasons stated in *Matter of Tsakonas v Dowling* (227 AD2d 729, *lv denied* 88 NY2d 812), we reject this argument.

Petitioner next contends that respondent's determination that he engaged in unacceptable practices is not supported by substantial evidence. The predicate for the challenged determination is respondent's finding that petitioner filed false claims for unfurnished medical care and services and for ordering such services when it was not medically necessary (*see*, 18 NYCRR 515.2 [b] [1] [i] [a], [c]) and was guilty of unacceptable record keeping (*see*, 18 NYCRR 515.2 [b] [6]). Evidence supporting such findings can be gleaned from a provider's medical records since the failure to document the need for services billed and ordered is considered unacceptable recordkeeping as it reflects a failure to maintain records necessary to fully disclose the medical necessity for such services (*see*, 18 NYCRR 504.3 [a]; 517.2 [b]; 518.3 [b]; 540.7 [a] [10]). The lack of documentation also supports a finding of submitting false claims since, without proper documentation, medical services or supplies ordered or prescribed are considered excessive or not medically necessary (*see*, 18 NYCRR 518.3 [b]). Further, it is a provider's burden to show that all costs claimed were allowable (*see*, 18 NYCRR 519.18 [d] [1]). Therefore, inasmuch as the determination here did not require an evaluation of the quality of care provided by petitioner but simply an analysis of documentary evidence to determine if it contained necessary information, an endeavor that does not require professional medical expertise, we reject petitioner's argument that Levon Aharonyan, a supervising auditor and respondent's principal witness, was not a competent witness.

Aharonyan testified that he audited petitioner's billed ser-

vices[1] by examining a random sample of 100 of petitioner's patient records. He explained that he compared these records against respondent's record of payments to petitioner to ascertain whether petitioner's records provided documentation for the services billed to Medicaid. When analyzing the records, Aharonyan consulted with Honigman on some individual questions that involved medical issues and evaluated the records accordingly. As the result of his audit, 276 specific claims were disallowed due to petitioner's failure to provide documentation that he provided the services he billed for or because he billed twice for the same service. Aharonyan did not audit petitioner's ordered services;[2] instead, it was performed by a peer physician, Norman Righthand, whose work product setting forth his analysis and findings disallowing 19 claims is part of the record. While this document along with Honigman's memoranda are hearsay, they were admissible as they were sufficiently believable, relevant and probative (*see, Matter of Gray v Adduci*, 73 NY2d 741, 742; *see also*, 18 NYCRR 519.18 [b]). In our view this record contains substantial evidence supporting respondent's determination (*see, Matter of Keppler v New York State Dept. of Social Servs.*, 218 AD2d 877, 878; *Matter of Louis v Dowling*, 203 AD2d 742, 743). To the extent that petitioner's testimony contravened respondent's testimony, it merely presented a credibility issue for the ALJ to resolve (*see, Matter of Lala v Dowling*, 226 AD2d 933, 934).

Lastly, the sanction imposed upon petitioner is consistent with 18 NYCRR 515.4 and is not so disproportionate as to be shocking to one's sense of fairness (*see, Matter of Capote v Dowling*, 221 AD2d 437; *Matter of Roggemann v Bane*, 206 AD2d 622, 624, *lv denied* 84 NY2d 809).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

**1.** Services billed directly by petitioner to Medicaid.

**2.** Services ordered by petitioner (laboratory tests, prescriptions) for which payment was made by Medicaid to the providers.