■ In the Matter of JOSEPH K. SARFO, Petitioner, v MARY GLASS, as Commissioner of the New York State Department of Social Services, et al., Respondents. [663 NYS2d 894] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which, *inter alia*, excluded petitioner from participation in the Medicaid program for a period of five years.

In this CPLR article 78 proceeding, petitioner, a licensed physician participating in the Medicaid program, is challenging the determination of respondent State Department of Social Services (hereinafter respondent) to exclude him from the Medicaid program and to seek restitution. Respondent undertook an audit of petitioner's billed services[1] for the period January 1, 1988 to May 31, 1989 by requesting petitioner to produce 50 records of his Medicaid patients drawn from a random sample of 100. After reviewing these records, respondent disallowed 45 claims for various reasons.[2] Respondent also audited petitioner's ordered services by selecting a random sample of 100 of the 35,238 prescriptions and laboratory tests ordered by petitioner and paid for by Medicaid between June 6, 1988 and July 10, 1989 and asked petitioner for medical records documenting the medical basis for 50 of these orders. This audit resulted in 15 disallowances. Ultimately, respondent issued a notice of agency action charging petitioner with engaging in unacceptable practices (*see*, 18 NYCRR 515.2 [a]) by failing to comply with Medicaid recordkeeping procedures (*see*, 18 NYCRR 515.2 [b] [6]) and by furnishing or ordering services or supplies that were substantially in excess of the client's needs (*see*, 18 NYCRR 515.2 [b] [11]).

At the administrative hearing requested by petitioner (*see*, 18 NYCRR 519.7 [a]), respondent reduced the amount of restitution sought with respect to ordered services by increasing the amount of ordered services audited from 50 cases to 100 and withdrawing two disallowances. The Administrative Law Judge (hereinafter ALJ) reversed three disallowances and affirmed 10. With respect to the audit of billed services, the ALJ reversed 17 disallowances under the category of level of service, leaving 28 extant. He then found that petitioner's failure to properly document the services he billed for and those that he ordered constituted unacceptable recordkeeping. He

---

1. Services billed directly by petitioner to Medicaid.

2. The reasons were billing for unnecessary services (26 disallowances), level of service (17 disallowances), no entry in medical record (one disallowance) and duplicate billing (one disallowance).

found, however, that petitioner did not commit the unacceptable practice of ordering excessive services. Predicated upon these findings, the ALJ affirmed respondent's determination excluding petitioner from the Medicaid program for five years and, by the process of extrapolation, established restitution in the sum of $104,761. This proceeding ensued.

Petitioner raises several arguments under the rubric of lack of substantial evidence. Initially, he attacks the validity of respondent's audit, claiming that the certification of the audit presented by respondent is fatally defective on its face because it states that respondent correctly generated random numbers in selecting a sample of 100 transactions from the universe of ordered services whereas it only audited 50. This argument is unavailing for, as previously noted, before the hearing respondent increased the number of transactions audited to 100. Moreover, in light of petitioner's failure to submit expert testimony challenging respondent's audit methodology or to produce an actual accounting of all claims paid, the sampling method utilized by respondent is presumed valid (*see, Matter of Enaw v Dowling*, 220 AD2d 942, 944, *lv denied* 87 NY2d 809; *see also*, 18 NYCRR 519.18 [g]).

Petitioner next argues that the audit is deficient in that there are no standards indicating what data must be included in a Medicaid patient's record. We disagree as we have previously indicated that the standards for recordkeeping are clearly delineated in the applicable regulations (*see, Matter of Lala v Dowling*, 226 AD2d 933, 934).

Insofar as petitioner's generic argument of lack of substantial evidence is concerned, respondent presented expert testimony that petitioner billed for audiometry and spirometry tests and ordered medications without documenting an adequate basis for their medical necessity. Its proof further showed that petitioner failed to provide a "supplementary" portion of a medical record until long after the completion of the audit and that he submitted a bill for two levels of service for a single visit. In our view this proof constitutes substantial evidence as it provides a rational basis for respondent's determination that petitioner engaged in unacceptable practices (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 182). Although petitioner presented evidence contravening respondent's, such evidence merely presented a credibility issue for the ALJ to resolve (*see, Matter of Keppler v New York State Dept. of Social Servs.*, 218 AD2d 877, 879; *Matter of Newman v Dowling*, 210 AD2d 552, 554).

Besides the foregoing arguments, petitioner raises the

contention that respondent's determination must be annulled because it acted with extreme animus and was predisposed against him. It is well settled that mere allegations of bias are not enough to set aside an administrative determination; instead there must be a factual demonstration supporting the allegation and proof that the outcome flowed from it (*see, Matter of Moss v Chassin*, 209 AD2d 889, 890, *lv denied* 85 NY2d 805, *cert denied* 516 US 861). Petitioner has not met this standard for he has not shown that respondent unjustifiably precluded him from presenting his evidence or that its determination was not based exclusively on the record and the testimony introduced at the hearing (*see, Matter of Modern Med. Lab. v Dowling*, 232 AD2d 901, 901-902). Accordingly, we reject this argument.

Considering that petitioner's unacceptable practices resulted in his personal aggrandizement through the diversion of a substantial amount of public funds, we cannot say that his five-year exclusion from the Medicaid program is excessive (*see, Matter of Kuchment v Commissioner of N. Y. State Dept. of Social Servs.*, 222 AD2d 806, 808-809; *Matter of Mecca v Dowling*, 210 AD2d 821, 826, *lv denied* 85 NY2d 809).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.