■ In the Matter of ANATOLY PEKARSKY, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [684 NYS2d 656] —Mercure, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which excluded petitioner from participation in the Medicaid program for a period of five years.

Petitioner is a physician practicing medicine in Kings County; he has been a Medicaid provider since 1987. An audit of 11 Medicaid patient records disclosed, *inter alia*, that petitioner failed to record adequate patient histories, routinely ordered ambulette service without documenting a medical need therefor, and routinely prescribed medications without documenting a medical basis and without monitoring patient response. Following notice to petitioner and consideration of petitioner's response to the peer reviewer's summary of the audit results, the Department of Social Services rendered a determination excluding petitioner from the Medicaid program for a period of five years. Following a fair hearing before an Administrative Law Judge, respondent affirmed the Department's determination, now challenged by petitioner in this CPLR article 78 proceeding.

Initially, we conclude that there is substantial evidence in the record to support respondent's determination that the audit of petitioner's patient records disclosed unacceptable record-

keeping* (see, Matter of Enrico v Bane, 213 AD2d 784, 785-786; Matter of Newman v Dowling, 210 AD2d 552; Matter of Roggemann v Bane, 206 AD2d 622, 623, lv denied 84 NY2d 809; Matter of Louis v Dowling, 203 AD2d 742). 18 NYCRR 540.7 (a) (10) delineates 12 specific categories of information that must be included in the medical records of each patient treated, including the date of each patient visit, the patient's chief complaint or reason for each visit, the patient's medical history, findings from any physical examination conducted that day, any diagnostic impressions made for each visit and a recording of any progress of a patient, including patient response to treatment (see, 18 NYCRR 540.7 [a] [10] [ii], [iii], [iv], [v], [vi]). Our review of the hearing testimony and written reports of the Department's peer reviewer, petitioner's medical records and, in fact, his own hearing evidence provides abundant evidentiary support for the findings that petitioner failed to document the medical basis and specific need for the services he provided, ordered ambulette service for patients who had no apparent need therefor, billed for comprehensive services when such services were not provided, prescribed medications without documenting a medical basis and specific need therefor, and routinely failed to chart patients' medical histories as well as their progress and responses to medication. We are unpersuaded by petitioner's attacks on the peer reviewer, which raise nothing but credibility issues that are outside our scope of review (see, Matter of Newman v Dowling, supra, at 554; Matter of Louis v Dowling, supra, at 743), and the various excuses offered for his failure to comply with the recordkeeping requirements of 18 NYCRR 540.7 (a) (10).

Petitioner's remaining contentions are also found to be lacking in merit. We first note that our review of the record discloses no evidence that the Administrative Law Judge was biased against petitioner or that his determination flowed from any such bias (see, Matter of Goldsmith v DeBuono, 245 AD2d 627, 631-632; Matter of Moss v Chassin, 209 AD2d 889, 890, lv denied 85 NY2d 805, cert denied 516 US 861; see also, 10 NYCRR 51.17 [a]). Next, we are unpersuaded by the contention that petitioner was precluded from putting forth evidence

---

* 18 NYCRR 515.2 (b) (6) defines unacceptable recordkeeping as "[f]ailing to maintain or to make available for purposes of audit or investigation records necessary to fully disclose the medical necessity for and the nature and extent of the medical care, services or supplies furnished". In addition, 18 NYCRR 518.3 (b) provides that "[m]edical care, services or supplies ordered or prescribed will be considered excessive or not medically necessary unless the medical basis and specific need for them are documented in the client's medical record."

of discriminatory enforcement based upon the theory that the Department was targeting Russian émigré physicians. Petitioner's effort to fulfill the "weighty" burden of proving a claim of discriminatory enforcement (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 694) with nothing more than a Department document showing that several of the targeted physicians in the Brighton Beach section of Brooklyn had Russian-sounding names would have been fruitless if permitted. Notably, although petitioner was made aware of the identity of the author and addressee of the memorandum, he made no effort to call either of them to testify at the hearing. As a final matter, we conclude that the penalty of exclusion from the Medicaid program for a period of five years is by no means "so disproportionate to the offense as to be shocking to one's sense of fairness" (*Matter of Mecca v Dowling*, 210 AD2d 821, 826, *lv denied* 85 NY2d 809; *see, Matter of Tsakonas v Dowling*, 227 AD2d 729, 731, *lv denied* 88 NY2d 812).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.