Fuhlbruck v 3170 Del., LLC (2021 NY Slip Op 04327)





Fuhlbruck v 3170 Del., LLC


2021 NY Slip Op 04327


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1236 CA 20-00135

[*1]PAUL FUHLBRUCK, PLAINTIFF-APPELLANT,
v
3170 DELAWARE, LLC, DEFENDANT-RESPONDENT, ET AL., DEFENDANT. 






LOSI & GANGI, BUFFALO (PATRICK J. BROWN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (VICTOR L. PRIAL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered January 17, 2020. The order denied the motion of plaintiff for partial summary judgment, granted the cross motion of defendant 3170 Delaware, LLC, for summary judgment and dismissed the complaint against that defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages pursuant to, inter alia, Labor Law § 240 (1) for injuries he sustained while cleaning the exterior windows of the store he managed, which was located at premises owned by 3170 Delaware, LLC (defendant). Plaintiff moved for partial summary judgment on the issue of liability, and defendant cross-moved for summary judgment dismissing the complaint against it. Supreme Court denied plaintiff's motion and granted defendant's cross motion, and plaintiff now appeals.
Plaintiff contends that the court erred in denying his motion and granting defendant's cross motion because he established that he was engaged in a protected activity under Labor Law § 240 (1) at the time of the accident and that defendant's failure to provide him with proper protection was the proximate cause of his injury. We reject that contention inasmuch as we conclude that plaintiff was not engaged in a protected activity under section 240 (1) when he fell.
Labor Law § 240 (1) applies to various types of cleaning projects (see Soto v J. Crew Inc., 21 NY3d 562, 568 [2013]). However, other than commercial window cleaning, which is afforded protection under the statute, an activity cannot be characterized as "cleaning" under the statute if the task "(1) is routine, in the sense that it is the type of job that occurs on a daily, weekly or other relatively-frequent and recurring basis as part of the ordinary maintenance and care of commercial premises; (2) requires neither specialized equipment or expertise, nor the unusual deployment of labor; (3) generally involves insignificant elevation risks comparable to those inherent in typical domestic or household cleaning; and (4) in light of the core purpose of Labor Law § 240 (1) to protect construction workers, is unrelated to any ongoing construction, renovation, painting, alteration or repair project" (id.). Whether the activity is "cleaning" is an issue for the court to decide after reviewing all of the factors (id. at 568-569).
Here, plaintiff was directed by his supervisor to clean the exterior windows of the premises, a retail store. Plaintiff was provided a squeegee and told to extend its reach using a broom handle. While cleaning, plaintiff used an eight-foot ladder but worked at a maximum elevation of five feet. The top of the windows was approximately nine to ten feet above ground level. Plaintiff correctly concedes that the fourth factor does not apply in this case because he was not engaged in cleaning related to "any ongoing construction, renovation, painting, [*2]alteration, or repair project" (id. at 568), and we conclude that the court properly weighed the other three factors in determining that plaintiff was not engaged in the type of cleaning covered by Labor Law § 240 (1).
Defendant established that the cleaning was of the type that would be conducted routinely—i.e., on a regular schedule and with relative frequency— in a retail setting (see Soto, 21 NY3d at 568-569). Notably, plaintiff's district manager averred that she required that store windows be cleaned on at least a bi-monthly basis in keeping with the company's cleanliness standards. We reject plaintiff's contention that the cleaning cannot be considered "routine" because he had cleaned the exterior windows only once in the four years preceding the accident and was unaware of any other person cleaning those windows during that time. It is the generic nature of the cleaning task, rather than the particular frequency with which it is performed in a given case, that is determinative (see id.). Defendant also established that the cleaning did not require any specialized equipment or unusual deployment of labor: in order to complete his work, plaintiff required only a squeegee, a broom handle, and an eight-foot ladder, all tools commonly found in a domestic setting (see id. at 569). Further, plaintiff worked at an elevation of approximately five feet, a height that presents an elevation-related risk comparable to that encountered during ordinary domestic or household cleaning (see id.; see also Holguin v Barton, 160 AD3d 819, 819-820 [2d Dept 2018]; cf. Vasey v Pyramid Co. of Buffalo, 258 AD2d 906, 906-907 [4th Dept 1999]).
Defendant thus met its initial burden on the cross motion of establishing that plaintiff was not engaged in a protected activity under Labor Law § 240 (1), and plaintiff failed to raise a triable issue of fact related to whether the statute covers his activity. In light of our determination, we need not consider plaintiff's further
contentions related to proximate cause (see Soto, 21 NY3d at 569).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court