■ In the Matter of KRISTINA DAHL, Petitioner, v MARY GLASS, as Commissioner of the New York State Department of Social Services, et al., Respondents. [661 NYS2d 64] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Social Services which excluded petitioner from participating in the Medicaid program for two years.

At all times relevant to this proceeding, petitioner was a physician licensed to practice medicine in this State. In May 1990, respondent State Department of Social Services (hereinafter DSS) issued petitioner a notice of proposed agency action advising petitioner of its intention to exclude her from participation in the Medicaid program for a period of two years based upon her alleged commission of certain unacceptable practices. Following petitioner's response DSS, for the reasons set forth in the aforementioned notice, excluded petitioner from participation in the Medicaid program for a period of two years. At the conclusion of the administrative hearing that followed, an Administrative Law Judge sustained DSS' determination in this regard. Petitioner thereafter commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, seeking to annul that determination.

Petitioner initially contends that the underlying determination is not supported by substantial evidence. We cannot agree. The physician who reviewed petitioner's records, Robert Matz, prepared a report that was entered into evidence at the administrative hearing detailing the extensive deficiencies in petitioner's recordkeeping and billing practices. Specifically, Matz found that in numerous instances there was insufficient information contained in the respective patients' charts to support the diagnoses made by petitioner. For example, Matz observed that when treating a patient with a past history of ulcer disease or gastritis, there should be documentation of the patient's current symptoms, including the nature, severity and duration of same, together with a record of prior treatments, including the name, dosage and effect of any medications prescribed, and any current treatment regimen. As such documentation was absent from many of the patient records reviewed, Matz concluded that there was inadequate support for the diagnoses rendered by petitioner. Similarly, Matz pointed to several instances where various laboratory tests were ordered without indicating the medical necessity for them and, additionally, inappropriate medications were prescribed. Specifically, with respect to the medications prescribed, Matz noted that there were several instances where a patient's record did not adequately document the need for a particular medication and, equally troubling, where a patient's stated allergy to a specific drug, e.g., penicillin, was not adequately explored prior to prescribing another variation of that drug.

In essence, it was Matz's position that a patient's record must contain a patient history sufficient to support the diagnosis made which, in turn, should form the basis for the tests ordered, the results of which should provide the justification for the medications prescribed and treatment plan adopted. Based upon his review of petitioner's records, Matz discovered "a number of inadequate documentation issues, poorly supported diagnoses, tests performed without proper basis * * * inadequate recording of dose and duration of therapies and a few instance[s] of potentially dangerous prescribing". In our view, this report, coupled with Matz's testimony at the administrative hearing, was more than sufficient to sustain the charges against petitioner in this regard (see, Matter of Newman v Dowling, 210 AD2d 552, 553). Petitioner's remaining contentions, including her assertion that the regulations at issue are vague and that the penalty imposed is shocking to one's sense of fairness, have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.