■ In the Matter of Kristina Dahl, Petitioner, v New York State Department of Health et al., Respondents. [710 NYS2d 193] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Public Health Law § 230-c [5]) to review a determination of the Administrative Review Board for Professional Medical Conduct which revoked petitioner's license to practice medicine in New York.

In May 1990, the Department of Social Services (hereinafter DSS) advised petitioner, a licensed physician, of its intention to exclude her from participation in the Medicaid program for a period of two years based upon her alleged commission of various unacceptable practices. Ultimately, DSS determined that petitioner was guilty of, *inter alia*, inadequate and improper recordkeeping in violation of 18 NYCRR 515.2 (b) (6) and submitting claims for medical care, services or supplies provided at a frequency or in an amount not medically necessary in violation of 18 NYCRR 515.2 (b) (1) (i) (c). Following an unsuccessful administrative appeal, petitioner sought relief from this Court, which confirmed DSS' determination (*see, Matter of Dahl v Glass*, 241 AD2d 714).

Thereafter, in August 1998, the Bureau of Professional Medical Conduct charged petitioner with the commission of professional misconduct pursuant to Education Law § 6530 (9) (c). Such charges were based upon petitioner having been found guilty in an adjudicatory proceeding of violating certain State regulations, the violation of which, in turn, constituted acts of misconduct as enumerated in the subdivisions of Education Law § 6530. A hearing before a Hearing Committee of the State Board for Professional Medical Conduct (hereinafter the Committee) ensued, the scope of which was limited to the penalty to be imposed upon petitioner based upon the record developed during the underlying DSS proceeding. After due deliberation, the Committee concluded that petitioner was guilty of professional misconduct as charged and revoked her license to practice medicine. Upon appeal to the Administrative Review Board for Professional Medical Conduct (hereinafter the Board), the Committee's findings were sustained, prompting petitioner to commence this proceeding to challenge the Board's determination.

None of the arguments raised by petitioner on review warrants extended discussion. As a starting point, although it appears that the Administrative Law Judge who presided over the hearing before the Committee may have misstated his role

in that proceeding, even a cursory review of the Committee's decision reflects that the alleged misstatement in no way prevented or even inhibited the Committee from fulfilling its duties—namely, making appropriate findings of fact, determining whether the charges at issue had been sustained and, ultimately, imposing a penalty. Contrary to petitioner's assertion, any misstatement that may have occurred did not "infect[ ] the entire proceeding with unfairness."

Equally unpersuasive is petitioner's claim that the record as a whole does not support a finding of professional misconduct under Education Law § 6530. Both the Committee and the Board painstakingly reviewed the regulatory provisions found to have been violated by petitioner in the context of the DSS proceeding and appropriately concluded that such violations constituted professional misconduct under various subdivisions of Education Law § 6530. Petitioner's attempt to minimize her misdeeds does not alter the fact that the record provides ample support for the Committee's findings and the Board's ultimate determination. Petitioner's remaining contentions, including her assertion that revocation of her license to practice medicine is so disproportionate to her acts of professional misconduct as to shock this Court's sense of fairness (*see generally*, *Matter of Larkins v DeBuono*, 257 AD2d 714, 716), have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.